JOHN F. LOUDEN, assignee, plaintiff in error, *vs.* JOHN KING, defendant in error.

When a defendant in an attachment is adjudged a bankrupt within four months after the issuing of the attachment, and the assignee comes in the Court where the attachment is pending and makes it known that the defendant has been so adjudged a bankrupt, and moves to have the attachment declared dissolved :

*Held*, That the Court ought to grant the motion, and that it was not necessary for the assignee to make himself a formal party to the attachment before moving to have it declared dissolved.

Bankrupt.    Attachment.    Before Judge JAMES JOHNSON. Muscogee Superior Court.    October Term, 1872.

On the 5th April, 1872, John King attached the cotton presses, castings and other property of the Empire Cotton Seed Huller and Oil Company, on the ground "that said defendant was causing its property to be removed beyond the limits of the State," for $2,307 53.    At the November term, 1872, of Muscogee Superior Court, John F. Louden made the following motion in writing: "And now comes John F. Louden, assignee in bankruptcy of the Empire Cotton Seed Huller and Oil Company, an incorporation of the State of New York, and makes profert of his letters of appointment as assignee of said defendant by the District Court of the United States for the Southern District of New York, and shows that the said Empire Cotton Seed Huller and Oil Company was declared bankrupt under the Act of Congress, passed March 2d, 1867, on the 2d July, 1872; that said attachment was sued out on the 5th April, 1872, being within four months of the 2d July, 1872; and moves the dissolution of said attachment."

Louden *vs.* King.

In support of the motion he submitted the proceedings of the District Court of the United States Court for the Southern District of the State of New York, showing the appointment of John F. Louden as assignee, with conveyance of property of the bankrupt. The Court refused to dissolve the attachment, to which refusal the assignee excepted. He further moved the Court to enter on the minutes that said motion was refused. This the Court refused to permit, and he excepted.

Error is assigned upon each of the aforesaid grounds of exception.

R. J. Moses, for plaintiff in error.

Henry L. Benning; Peabody & Brannon, for defendant.

McCay, Judge.

We think the order ought to have been granted. The bankrupt law is just as much the law of the land as the attachment law, and the bankrupt Court is as completely a part of the machinery of our system of jurisprudence as is the Superior Court. There can be no question, therefore, that, under the facts as presented by the movant, this attachment was dissolved by the adjudication of bankruptcy. When the fact of the adjudication was made known to the Court, by proper proof by the assignee, it was the duty of the Court to recognize the facts by an order declaring the attachment dissolved. And this for two reasons—one, because the assignee is entitled to have the attachment out of his way; and the other, that the records of the State Court may show what has become of the attachment, and why it has not proceeded.

We think the movant was as much a party to the proceeding as was necessary for the purposes of his motion. The defendant in attachment is not served. The case is only in Court by virtue of the levy or garnishment, and when that is dissolved there is no party. In the case of *Kent vs. Downing,*

44 *Georgia*, 116, the assignee *sought* to be a party. He desired to have the attachment dismissed, not declared dissolved. Any rights of the officers of Courts for costs or of the attorneys for bringing the fund into Court, are still a lien on the money. These rights attach to the fund. We do not decide what they are, nor is there anything in the order declaring the attachment dissolved which affects them. The money is still in the hands of the Court, burdened with whatever legal liens there may be upon it, arising out of proceedings lawfully had in the cases under which it came into the custody of the Court. Whether those liens shall be adjusted and satisfied before the money is turned over, or whether it belongs to the bankrupt Court to settle them as it does other liens, is not now a question, though we see no good reason now why the Court having the fund should not settle this before it turns it over.

Judgment reversed.